398

## STATE, Plaintiff-Appellee, v. ALLEN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23723.   Decided March 21, 1956.

Frank T. Cullitan, Pros. Atty., Merle M. McCurdy, Asst. Pros. Atty., for plaintiff-appellee.

Joseph Trivisonno, William B. Saunders, for defendant-appellant.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the Ninth District, sitting by designation in the Eighth District.)

### OPINION

By HUNSICKER, J:

This is an appeal on questions of law from a judgment rendered on a jury verdict of guilty of murder in the first degree without recommendation of mercy.

Joseph Allen, on the afternoon of December 22, 1951, shot and killed one, Willie Arnold, and shortly thereafter shot and killed another man, one, Berry Joiner.   These shootings occurred in the vicinity of 30th Street and Woodland Avenue, in the city of Cleveland, Ohio.   Allen, after the second shooting, fled from the scene of the crime and was not apprehended until the year 1955, in Baltimore, Maryland.

The indictment of first degree murder, in the instant case, was predicated upon the killing of Berry Joiner.   The defense was based upon a claim of self-defense, and Allen, as well as his counsel, readily admitted the shotgun slaying of both Arnold and Joiner.

The parties were gambling, in rooms occupied by Allen, during the night of December 21, 1951, and early morning of December 22, after

which they went to a place to drink liquor. The parties then separated. Allen testified that Arnold and Joiner came to him at a restaurant, robbed him at the point of a gun, and struck him. Allen said he later went to a locker he rented at the Union Terminal on the Public Square and got some clothes, which he pawned to buy the shotgun and shells, with which he later killed the two men, Arnold and Joiner.

At the conclusion of the trial, the trial judge instructed the jury fully on the subject of first degree murder, mercy, second degree murder, self-defense, and all related matters. The trial judge did not include an instruction on the subject of manslaughter.

The jury returned a verdict of guilty without a recommendation of mercy. From the judgment rendered thereon, an appeal is lodged in this court by counsel for Allen, who say that the trial court committed error prejudicial to the substantial rights of the appellant, Allen, as follows:

"1. The trial court erred in refusing to incorporate the crime of manslaughter, first degree, as an included offense in the general charge to the jury.

"2. The trial court erred in admitting, over objection of counsel, gruesome and ghastly photographs to illustrate a similar act.

"3. Misconduct of prosecutor."

In our consideration of these claims of error, we have read the testimony adduced at the trial, examined the exhibits, and studied the briefs of counsel.

As to assignment of error number 2, we find no prejudicial error. It is true, counsel for Allen admitted the killing of Arnold, but one of the questions bearing on the credibility of Allen was the position of Arnold at the time he was admittedly shot by Allen. There could be no error in admitting the pictures of Arnold, taken at the place where he was shot.

As to the claim of misconduct of the prosecutor, set out in assignment of error number 3, we find no merit in this claim of error.

The principal error relied upon and most strenuously urged by counsel for Allen, concerns assignment of error number 1. Was it the duty of the trial judge to instruct the jury on the subject of manslaughter?

Counsel for Allen urged the judge to do so, but he refused, and sent to the jury only four forms of verdict: murder in the first degree, murder in the first degree with recommendation of mercy, murder in the second degree, and not guilty.

A discussion of the underlying requirement of instruction in the lesser and included offenses of homicide is found in a number of Ohio cases. **Bandy v. State, 102 Oh St 384,** is considered a leading case on this subject. The court there said, at page 390:

"A careful examination of the record in this case clearly confirms the holding of the trial judge and of the court of appeals, that there was an entire absence of evidence tending to show any other grade of homicide than that of murder in the first degree committed in the perpetration of a robbery. If there was a failure of proof in this behalf as to murder in the first degree, touching the robbery, there was under the evidence

in the record a like failure of proof as to the evidence necessary to establish any other grade of homicide. "Now the one question remaining to be determined is this, Does the abstract, literal charge made in the indictment, in and of itself, and wholly apart from the question of evidence in the case, require under our legal procedure, as modified by the statutes and interpreted by the courts, a specific charge upon the lesser grades of homicide? If such charge be required, then the judgments below must be reversed."

The court then, in its first syllabus, determined as follows:

"1. Murder in the first degree, literally considered, necessarily includes murder in the second degree and manslaughter. Whether in an indictment for murder in the first degree in the perpetration of a robbery, a charge is warranted as to murder in the second degree, or manslaughter, depends, however, not merely upon whether or not these are literally included in the formal charge, but upon whether or not there is any evidence tending to support a charge of murder in the second degree, or manslaughter."

The latest pronouncement of the Supreme Court on this subject is found in **State v. Kuchmak, 159 Oh St 363,** at pages **366** and **367,** wherein the court said:

"* * * The test for the determination of this problem is that, if all the elements of a separate offense are present with others in an offense charged in an indictment, such separate offense is a lesser included offense; or, where all the elements of an offense are included among the elements of a charged offense, the former is a lesser included offense. But to warrant a conviction of such lesser included offense, another limitation must be taken into consideration. A court may not charge upon, and a defendant may not be found guilty of, a lesser offense, unless the evidence tends to support each of the necessary elements of such offense. **Bandy v. State, 102 Oh St 384,** 131 N. E., 499, 21 A. L. R., 594.

"Typical examples of lesser included offenses are to be found within the offense of murder in the first degree, i. e., manslaughter, assault and battery, and assault. All the element of each are included in the elements of murder in the first degree. Under the statute, murder in the second degree is also included within murder in the first degree, as an offense 'including different degrees.' "

See also: **15 O. Jur. 2d, Criminal Law, Sec. 585,** and authorities there cited.

The evidence in this case shows none of the elements of manslaughter. Ten hours elapsed between the time Allen claims he was robbed by Arnold and Joiner, and the killing of these two men. Allen, by his own statement, crossed over from one side of Woodland Avenue to the side upon which Joiner was walking. Allen says this was for the purpose of surrendering to the police after killing Arnold, but he nevertheless said he reloaded his gun. He also said that, after he shot Joiner, he fled from the scene, disposed of the gun, and left town.

The testimony of Allen, without the testimony of any other witness, clearly dispels any question of evidence of manslaughter. Where there is, as here, no evidence of manslaughter in the trial of an indictment for murder in the first degree, it is not incumbent upon the trial judge to give to the jury an instruction on such subject.

Sec. 2945.74 R. C., does not require, in the face of no evidence, that instructions be given as to all included offenses.

The judgment in this case is affirmed.

STEVENS, PJ, DOYLE, J, concur.